NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 17-2052

_____

JOHN O. TORREY,

Appellant

v.

STATE OF NEW JERSEY DEPARTMENT OF LAW
AND PUBLIC SAFETY, Division of Criminal Justice;
STEPHEN J. TAYLOR, individually, and in his official
capacity of Director of the Division of Criminal Justice;
PAUL MORRIS, individually, and in his official capacity as
the chief of investigations, Division of Criminal Justice;
STANLEY BEET, individually, and in his official capacity;
DERMOT P. O'GRADY, Esq. in his individual and his
official capacity; JOHN AND JANE DOES 1 TO 25,
individually and in their official capacities

_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3-13-cv-01192)
District Judge: Honorable Peter G. Sheridan

_____

Submitted Under Third Circuit LAR 34.1(a)
November 13, 2017

Before: AMBRO, KRAUSE, and RENDELL, Circuit Judges

(Opinion filed: December 7, 2017)

_____

OPINION[*]

_____

AMBRO, Circuit Judge

John Torrey is a former law enforcement officer who was employed by the New Jersey Department of Law and Public Safety, Division of Criminal Justice ("DCJ"). While there he was the target of an internal investigation involving allegations of sexual harassment, hostile work environment, and other misconduct. Following the investigation, he was terminated and began applying for other law enforcement positions, including positions at the Mercer County Sheriff's Office and the Camden County Police Department.

To facilitate routine background checks in connection with his applications, Torrey signed and notarized consent forms authorizing the DCJ to share its personnel files relating to him, including those produced by the internal investigation. After receiving these forms, the DCJ allowed investigators from both the Mercer and Camden County offices to review Torrey's files. He was not hired.

Torrey sued the DCJ and individual, state-employee defendants, alleging a deprivation of a liberty interest in reputation under 42 U.S.C. § 1983, and defamation, false light, and tortious interference with economic advantage under New Jersey law.[1]

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] The District Court also dismissed Torrey's New Jersey common law due process claim, but he does not challenge that ruling on appeal.

The District Court entered summary judgment for the defendants and dismissed his claims. It found that there were no genuine issues of material fact about whether the DCJ's internal files contained false and inaccurate information. It also concluded that the consent forms signed by Torrey were not void as against public policy. Next, it found no evidence the defendants interfered with his prospective economic advantage. Finally, it ruled sua sponte that the State and state-employee defendants were entitled to qualified immunity. As none of the Court's rulings were erroneous, we affirm.

For three of Torrey's four claims, he must produce evidence that the contents of the personnel files were both false and made public. DeAngelis v. Hill, 847 A.2d 1261, 1267–68 (N.J. 2004) (defamation claims require a "false and defamatory statement" and an "unprivileged publication of that statement"); see also Hill v. Borough of Kutztown, 455 F.3d 225, 236 (3d Cir. 2006) (a section 1983 liberty interest in reputation claim requires an employer to have "disseminate[d] a false and defamatory impression about the employee."); Romaine v. Kallinger, 537 A.2d 284, 289, 109 N.J. 282, 293 (N.J.,1988) (false light claims require placement "in a false light before the public.") The record evidence, however, fails to establish either requirement. To begin, Torrey does not provide evidence of falsity. The District Court found the majority of Torrey's file was undisputedly true, as Torrey himself acknowledged in a formal, recorded interview conducted as part of the investigation into the complaints. During that interview, he confirmed making harassing sexual comments, gestures, and contact with female subordinates, improperly using confidential funds, and visiting sexually explicit websites on his work computer. Second, Torrey does not provide evidence of unprivileged

3

publication, as there is no evidence that the personnel files were disseminated to parties other than Torrey's prospective employers, who Torrey had authorized to access the files.

Torrey answers that the consent forms are void as against public policy. He also challenges the District Court's qualified immunity analysis for the same reason, disputing its reliance on the waivers in its reasoning. But Torrey's public policy argument is unpersuasive. Investigators who conduct background checks are capable of independently evaluating the reliability of findings, evidence, and conclusions contained in internal files. Moreover, as the District Court stated, the sensitive, dangerous, and public-facing nature of police work favors a policy encouraging inter-agency disclosure of information about police officers. Imposing liability here could dissuade police offices from conducting thorough, memorialized investigations into allegations of problem conduct.

Torrey's final claim is for tortious interference with prospective economic advantage. For this he must show intentional and malicious interference. See Varrallo v. Hammond Inc., 94 F.3d 842, 848 (3d Cir. 1996). But he does not point to any evidence of anyone at the DCJ speaking negatively about him to the investigators. His assertion that providing the files constituted interference is incorrect because he consented to their limited disclosure. The District Court correctly concluded that this claim fails, as there is no other communication or conduct alleged.

Accordingly, we affirm.

4